UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DWAYNE D. WILLIAMS**, <br><br> Petitioner, <br><br> vs. <br><br> **CONNIE HORTON**, <br><br> Respondent. | 2:21-CV-12667-TGB <br><br> **OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [8], DENYING PETITIONER'S MOTION TO STRIKE [11], AND DISMISSING THE HABEAS PETITION [1] WITH PREJUDICE** |

Currently before the Court are Petitioner Dwayne D. Williams' *pro se* application for the writ of habeas corpus petition under 28 U.S.C. § 2254, ECF No. 1, Respondent's motion to dismiss the habeas petition, ECF No. 8, and Petitioner's motion to strike Respondent's motion or appearance in this case, ECF No. 11. Petitioner is a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan. He challenges his Macomb County, Michigan conviction for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b.

The habeas petition raises several claims about Petitioner's trial and appellate attorneys, the Michigan Court Rules on motions for relief

from judgment, and the standard governing federal habeas corpus petitions. The Court agrees with Respondent that Petitioner's claims are barred from substantive review by Petitioner's failure to comply with the one-year habeas statute of limitations. Accordingly, the Court will grant Respondent's motion to dismiss the habeas petition, dismiss the petition with prejudice, and deny Petitioner's motion to strike.

## I. INTRODUCTION

### A. The State-Court Proceedings

On September 6, 2017, Petitioner pleaded no contest in Macomb County Circuit Court to one count of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(2)(b) (sexual penetration of someone under the age of thirteen by someone seventeen years of age or older). *See* 9/6/17 Plea Tr. (ECF No. 9-3). There was no plea or sentencing agreement, and on October 25, 2017, the trial court sentenced Petitioner to prison for 25 to 50 years with credit for 219 days. *See* 10/25/17 Sentencing Tr. (ECF No. 9-4, PageID.179).

Petitioner requested appointment of appellate counsel on December 18, 2017, and on January 8, 2018, the trial court appointed counsel for him. *See* Macomb County Circuit Court Register of Actions, case number

2017-002635-FC, docket entries 52-53. The appellate attorney was permitted to withdraw from the case, but on April 19, 2018, another attorney was appointed to represent Petitioner on appeal. *See id.*, docket entries 34 and 38. On May 24, 2018, however, the trial court granted the parties' stipulation to end the appellate proceedings and permitted defense counsel to withdraw her representation of Petitioner. *See People v. Williams*, Stipulated Order, No. 17-2635-FC (Macomb Cty. Cir. Ct. May 24, 2018); ECF No. 9-5, PageID.185.

About six months later, on November 29, 2018, Petitioner filed a motion for relief from judgment and to withdraw his no-contest plea. *See* Mot. (ECF No. 9-6, PageID.193-94). The trial court denied the motion on December 12, 2018, because Petitioner had failed to show that his no-contest plea was involuntary or that it would be manifestly unjust to allow his conviction to stand. The trial court also stated that Petitioner had failed to establish good cause for failing to pursue an appeal. *See People v. Williams,* Op. and Order, No. 2017-2635-FC (Macomb Cty. Cir. Ct. Dec. 12, 2018); ECF No. 9-7.

Petitioner did not appeal the trial court's decision on his motion, and on October 13, 2020, he filed another motion for relief from judgment.

3

*See* Mot. for Relief from J. (ECF No. 9-8). The trial court denied that motion as a successive motion under Michigan Court Rule 6.502(G) because Petitioner was not relying on any new evidence or on a retroactive change in the law. *See People v. Williams*, Op. and Order, No. 2017-2635-FC (Macomb Cty. Cir. Ct. Nov. 24, 2020); ECF No. 9-9.

Petitioner appealed the trial court's decision, but the Michigan Court of Appeals dismissed his delayed application for leave to appeal. The Court of Appeals stated that Petitioner had failed to establish any exceptions to the general rule that a movant may not appeal the denial of a successive motion for relief from judgment. *See People v. Williams*, No. 355828 (Mich. Ct. App. March 9, 2021); ECF No. 9-10, PageID.284. Petitioner then applied for leave to appeal in the Michigan Supreme Court. On October 8, 2021, the Michigan Supreme Court denied leave to appeal because Petitioner's successive motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G). *See People v. Williams*, 964 N.W.2d 804 (Mich. 2021).

## B. The Habeas Petition, Responsive Pleading, and Reply

On October 31, 2021, Petitioner filed his habeas corpus petition.[1] The issues in the habeas petition are: (1) whether the rule governing successive motions for relief from judgment is violated if the motion is based on a claim of new evidence that was not discovered before the first such motion; (2) whether cause for excusing a procedural default is established by proving ineffective assistance of appellate counsel under the standard set forth in *Strickland v. Washington,* 466 U.S. 668 (1984); (3) whether Petitioner was denied his constitutional right to effective assistance of counsel when counsel failed to (a) investigate Petitioner's background and (b) present mitigating evidence regarding his mental health; (4) whether a defendant who wishes to advance claims that depend on matters not of record can be required to seek an evidentiary

---

[1] Although the Clerk of Court filed the habeas petition on November 1, 2021, Petitioner signed his petition on October 31, 2021, and certified that he placed his petition in the prison mailing system on the same day. *See* Pet. (ECF No. 1, PageID.43). The Court, therefore, considers the pleading filed on October 31, 2021, the date that it was signed and submitted to prison officials for filing with the Court. *See Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 456 (6th Cir. 2012) (stating that "[u]nder the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing").

hearing in the trial court; (5) whether the denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court; and (6) whether a federal habeas court may issue the writ under the "contrary to" clause of 28 U.S.C. § 2254(d)(1) if the state court applies a rule different from the governing law set forth in United States Supreme Court cases or if the state court decides a case differently. Pet. (ECF No. 1, PageID.5-8).

Respondent argues through counsel that the Court should dismiss the petition as untimely. *See* Mot. for Dismissal of Pet. (ECF No. 8). In a reply to Respondent's motion, Petitioner contends that the assistant attorney general who represents Respondent failed to file an appearance in Respondent's behalf and failed to respond to the allegations in the habeas petition. *See* Opposition to Respondent's Mot. for Dismissal (ECF No. 10, PageID. 416-17). Petitioner also appears to be alleging that the ends of justice would be served by adjudicating the merits of his claims. *Id.* at PageID.423-25.

Finally, in an "Affidavit of Merit" (ECF No. 11), Petitioner seems to be asking the Court to strike Respondent's motion because the assistant attorney general who represents Respondent did not file a notice of

6

appearance. Petitioner seems to argue in the alternative that if the assistant attorney general did file a notice of appearance, he has a conflict of interest. *See* Affidavit of Merit (ECF No. 11, PageID.430-31).

## II. DISCUSSION

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year period of limitations for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-610 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1064 (2021). The one-year limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitation period is tolled while a properly filed application for State post-conviction review is pending. 28 U.S.C. § 2244(d)(2).

Petitioner is not relying on a newly recognized constitutional right or on a new factual predicate that he could not have discovered through due diligence, and he has not shown that the State created an impediment to filing a timely petition. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B) – (D). Therefore, his conviction became final at the conclusion of direct review.

Under § 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" — when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

8

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Here, although Petitioner apparently never filed a formal notice of appeal, the trial court did appoint appellate counsel for him. The appellate proceeding subsequently concluded on May 24, 2018, when the trial court signed a stipulated order to end the appellate proceedings and to permit appellate counsel to withdraw as counsel for Petitioner. Direct review of Petitioner's conviction and sentence became final at that point because the availability of direct appeal was exhausted and the time for pursuing direct appeal expired then. *See Gonzalez*, 565 U.S. at 150; *Jimenez*, 555 U.S. at 119. The statute of limitations began to run on the following day. *See* Fed. R. Civ. P. 6(a)(1)(A); *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002).

The limitations period ran uninterrupted until November 29, 2018, when Petitioner filed his first motion for relief from judgment. Although the post-conviction motion tolled the limitations period, 28 U.S.C. § 2244(d)(2), the statute of limitations had already run 188 days by the time Petitioner filed the motion.

The trial court denied Petitioner's first motion for relief from judgment on December 12, 2018. Petitioner then had six months, or until

9

June 12, 2019, to appeal the trial court's decision on his post-conviction motion. Mich. Ct. R. 6.509(A) and 7.205(A)(4)(a).

Petitioner failed to appeal the trial court's decision. But the one-year statute of limitations for habeas petitions is tolled during the period in which a defendant could have, but did not, appeal the denial of a motion for post-conviction relief. *Holbrook v. Curtin,* 833 F.3d 612, 619 (6th Cir. 2016). Therefore, the statute of limitations resumed running on June 13, 2019, the day after the deadline expired for appealing the trial court's decision on Petitioner's first motion for relief from judgment. Because the limitations period had already run 188 days, Petitioner had 177 days, or until December 6, 2019, to file his habeas petition.

Petitioner missed the deadline for filing a habeas petition by almost two years, as he did not file his habeas petition until October 31, 2021. Although Petitioner filed a successive motion for relief from judgment on October 13, 2020, the statute of limitations had already expired by then, and filing the motion did not revive or restart the limitations period. *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D. N.Y. 1998)); *McSwain v. Davis,* 287 F. App'x 450, 454 (6th Cir. 2008).

10

### A. Equitable Tolling and Actual Innocence

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), but "federal courts sparingly bestow equitable tolling," *Graham-Humphreys*, 209 F.3d at 560. The Supreme Court, moreover, has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Nassiri v. Mackie*, 967 F.3d 544, 549 (6th Cir. 2020) (explaining the same standard).

Petitioner has not been diligent in pursuing his rights, and he has not shown that some extraordinary circumstances stood in his way of

11

filing a timely habeas petition. Therefore, he is not entitled to equitable tolling of the limitations period.

Actual innocence, if proved, also serves as a gateway through which a habeas petitioner may pass when the impediment to considering the merits of a petitioner's constitutional claims is expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But "[t]o be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his reply to Respondent's motion, Petitioner states that "there is . . . evidence that constitute[s] legal innocence[.]" ECF No. 10, PageID.422. But elsewhere, he seems to be saying that his case is not about his guilt or innocence and that the issue is whether he was afforded his constitutional right to a fair process in the state courts. *Id.* at PageID.424. Furthermore, he has not presented the Court with any new and credible evidence of actual innocence. Therefore, he is not entitled

12

to pass through the "actual innocence" gateway and have his claims heard on the merits.

### III. CONCLUSION AND ORDER

"Deadlines matter, especially in habeas cases[,]" *Simmons v. United States*, 974 F.3d 791,793 (6th Cir. 2020), *cert denied*, 142 S. Ct. 23 (2021), and Petitioner filed his habeas petition after the one-year deadline for filing a habeas petition expired. He is not entitled to equitable tolling of the limitations period, and he has not asserted a credible claim of actual innocence that would entitle him to bypass the limitations period and have his claims heard on the merits. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. Accordingly, the Court **GRANTS** Respondent's motion to dismiss (ECF No. 8) and **DISMISSES** the habeas petition (ECF No. 1) with prejudice.

The Court **DENIES** Petitioner's motion to strike (ECF No. 11) because, contrary to Petitioner's allegations, the assistant attorney general who represents Respondent *did* file a notice of appearance. *See* ECF No. 7. And to the extent Petitioner wants the Court to strike Respondent's motion to dismiss, Petitioner's request is denied because

the state-court record supports Respondent's argument that the habeas petition is untimely.

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court also **DECLINES** to grant leave to appeal this decision *in forma pauperis*. Although Petitioner was granted permission to proceed *in forma pauperis* in this Court, *see* ECF No. 3, an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Diaz v. Van Norman*, 351 F. Supp. 2d 679, 682 (E.D. Mich. 2005). Petitioner may apply to the Sixth Circuit Court of Appeals for a certificate of appealability and leave to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: August 17, 2022      s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE